UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>　　　　Defendant. | 1:15-cv-1321-LJO-SMS<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND (Doc. 8) AND DEFENDANT'S MOTION TO STRIKE (Doc. 12) |

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 24, 2015, Plaintiff Laverne Robinson ("Plaintiff") filed a complaint in the Superior Court of California for the County of Tulare against Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant"), and Does 1-20, for the injuries she sustained after she slipped and fell in one of Defendant's stores in Tulare, California, in July 2014. Doc. 1, Ex. A, Complaint ("Compl."). Plaintiff used a standardized summons form created by the Judicial Council of California as her complaint. *See id.* That form provided, among other things, a box that Plaintiff checked to identify whether there were defendants other than Lowe's that "were the agents and employees of the other defendants [*i.e.*, Lowe's] and acted within the scope of the agency." *Id.* at 2. Plaintiff named those defendants as Does 16 to 20 ("the Doe Defendants"), but did not provide any information about them. *See id.* at 2-3.

Approximately two months later, Plaintiff amended the complaint only to correct Defendant's name. Doc. 1, Ex. C. Defendant answered the complaint approximately three weeks later. Doc. 1, Ex. D.

The complaint did not state the full amount of damages Plaintiff sought. *See* Compl. at 2-3. But

---

[1] The Court will discuss only the aspects of this case that are necessary to resolve the parties' motions.

1

in May of 2015, Plaintiff served on Defendant a case management statement ("the CMS"), which reported that Plaintiff had "suffered a Trimalleola ankle fracture dislocation and underwent three open reduction surgeries." Doc. 1, Ex. E at 2. The CMS further reported that her known damages were $13,000 in medical costs and $18,000 in lost wages. *Id.* And on July 28, 2015, Plaintiff proffered a "Statement of Damages," which indicated that Plaintiff sought approximately $500,000 in damages. *See* Doc. 1, Ex. F. Defendant removed the case to this Court on August 28, 2015, asserting diversity jurisdiction exists because the parties are completely diverse and Plaintiff seeks more than $75,000 in damages. *See* Doc. 1 at 3-4; 28 U.S.C. §§ 1332, 1441.

On September 25, 2015, Plaintiff filed a First Amended Complaint ("the FAC") and a motion to remand this case to Superior Court. Docs. 8, 10, First Amended Complaint ("FAC"). In the FAC, Plaintiff substitutes the Doe Defendants for four Lowe's employees working at the store at the time of Plaintiff's accident, all of whom are California citizens *See* Doc. FAC at 1. Because those Defendants are California citizens, Plaintiff asserts the parties are not completely diverse and therefore the Court lacks diversity jurisdiction. *See id.* at ¶ 1; Doc. 8 at 2. In addition, Plaintiff argues Defendant's removal was untimely and that the Doe Defendants should be joined as necessary parties under Fed. R. Civ. P. 19. Doc. 8 at 14; Doc. 21 at 2.

Defendant opposes Plaintiff's motion to remand and moves to strike the FAC. Docs. 11, 12. Defendant contends its removal was proper and Plaintiff's adding new defendants in the FAC was not. *See* Doc. 11 at 2.

The Court finds it appropriate to rule on the motions without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS Defendant's motion to strike (Doc. 12) and DENIES Plaintiff's motion to remand (Doc. 8.).

## II. STANDARDS OF DECISION

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at

2

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship, a federal question, or where the United States is a party. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Among other things, this means that the defendant always has the burden of establishing that removal is proper. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In determining the presence or absence of federal question jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts have jurisdiction over any civil action where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Accordingly, "[s]ubject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). A defendant removing to federal court on diversity jurisdiction grounds bears the burden of establishing that diversity jurisdiction exists and that an action is removable. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

### III. ANALYSIS

**A. Defendant's Removal Was Timely.**

The parties agree that the only basis for this Court's jurisdiction over the case is diversity jurisdiction, which requires that the parties be of completely diverse citizenship and that the value of the case exceeds $75,000. 28 U.S.C. § 1332. Plaintiff does not dispute that removal may have been proper at some point, but argues that Defendant failed to remove this suit within the 30-day deadline mandated under 28 U.S.C. § 1446(b) ("§ 1446(b)"). Doc. 8 at 14. The Court addresses this issue at the outset because, if valid, Plaintiff's objection "will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

Plaintiff's complaint provided no information concerning the amount of damages she sought beyond indicating that the case's value exceeded $25,000 on the case's cover sheet. Because the complaint did not provide grounds for removal, it did not trigger § 1446(b)'s 30-day deadline. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("the first thirty-day requirement [under § 1446] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (holding that cover sheet indicating case's value exceeded $25,000 did not "affirmatively reveal" that the amount in controversy was sufficient for jurisdictional purposes).

Section 1446(b)(3) provides, however, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days" if the defendant receives "an amended pleading, motion, order, or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.) The parties do not dispute that the CMS constitutes "other paper."

Plaintiff asserts that it "was clearly and certainly ascertainable" from the CMS that the amount in controversy in this case exceeded $75,000 because it indicated that she had suffered an ankle fracture,

4

underwent three surgeries, incurred approximately $13,000 in medical costs, and had lost approximately $13,000 in wages. Doc. 8 at 14. Without providing any argument or authority, Plaintiff contends this information was "more than sufficient . . . for defendant Lowe's to ascertain that the amount in controversy in this case exceeds [] $75,000." *Id.*

The Court disagrees. Plaintiff's description of her damages in her CMS does not indicate that she sought over $75,000 in damages. In fact, a fair reading of her description is that she sought *less* than $75,000. The CMS required Plaintiff to "specify the injury and damages claimed, including medical expenses to date, *estimated future medical expenses*, lost earnings to date, and *estimated future lost earnings*." Doc. 1, Ex. E at 2. Plaintiff stated her injuries, an ankle fracture that required three surgeries, and that, by that point, she had incurred approximately $13,000 in medical expenses and had lost approximately $18,000 in wages. *Id.* But Plaintiff did not indicate *any* further damages, which suggests she sought only approximately $31,000 in damages. Because Defendant could not have ascertained from the CMS that the amount in controversy in this case exceeds $75,000, the CMS did not trigger § 1446(b)'s 30-day deadline.

Plaintiff's case did not appear to meet the $75,000 amount-in-controversy requirement for diversity jurisdiction in this case—the only basis for federal jurisdiction—until Plaintiff provided Defendant a statement of damages on July 28, 2015, which indicated that Plaintiff seeks approximately $500,000 in damages. *See* Doc. 1, Ex. 5. As such, Defendant met § 1446(b)'s 30-day deadline for removal when it removed this case on August 28, 2015. *See* Doc. 1; 28 U.S.C. § 1446(b)(3). Defendant therefore timely removed the case to this Court.

**B. Whether the Doe Defendants Destroy Diversity Jurisdiction.**

A threshold question neither party sufficiently addresses is whether Plaintiff's naming the Doe Defendants in her complaint destroys diversity jurisdiction. The Court recently attempted to reconcile the convoluted and unsettled case law on this subject. *See Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, No. 1:15-cv-751-LJO-JLT, 2015 WL 5646648 (E.D. Cal. Sept. 24, 2015). Briefly summarized,

the Court has concluded that the Court must assess whether Plaintiff's "description of Doe [D]efendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Id.* at *7. If the "charges against [Doe Defendants] are so general that no clues exist as to their identity, citizenship, or relation to the action, the Court may disregard these fictitious defendants for jurisdictional purposes." *Id.* If, however, Plaintiff's allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction. *See id.*; *see also Fisher v. Direct TV, Inc.*, No. CV 13-68-M-DWM-JCL, 2013 WL 2152668, at *4 (D. Mont. May 16, 2013).

In *Gardiner Family*, for instance, the Court found that the named Doe defendants were "wholly fictitious." *Id.* That case concerns a highly complex dispute between the parties about whether the defendant's oil production activities caused high salinity levels in the plaintiff's water supply and whether that excess salt damaged the plaintiff's crops. *See Gardiner Family*, 15-cv-721, Doc. 1 at ¶¶ 1-7. The complaint simply alleged the Doe defendants were "responsible in some manner for the occurrences herein alleged," acted as the named defendant's "agent, alter ego, conspirator, and aidor and abettor," and therefore contributed to the plaintiff's damages. *Id.* at ¶¶ 11-12. The complaint provided no specific information about the Doe defendants or their relationship, if any, to the named defendant. *See id.* There were no "details about their possible identity or citizenship, nor . . . any other information from which the Court could glean this information." *Id.* The Court therefore disregarded the Doe defendants. *Id.*

This case is no different. Plaintiff's complaint provides no information about the Doe Defendants other than indicating they are "the agents and employees of [Defendant] and acted within the scope of the agency." To find that this allegation alone provides a reasonable indication of the Doe Defendants' identity, citizenship, or relationship to this case would require far too much impermissible assumption and extrapolation from the Court and would permit plaintiffs to evade federal court jurisdiction simply by checking a box and naming a Doe defendant. The analysis would be different if, for instance,

1  Plaintiff had alleged that the Doe Defendants were California citizens, or provided some information
2  about their involvement in the case. *See, e.g.*, *Fisher v. Direct TV, Inc.*, No. CV 13-68-M-DWM-JCL,
3  2013 WL 2152668, at *5 (D. Mont. May 16, 2013) (finding the "Doe defendants are reasonably
4  identifiable as [the named Defendant's] employees who are citizens of Montana," which defeated
5  diversity jurisdiction); *Incopero v. Farmers Ins. Exchange*, 113 F.R.D. 28, 31 (N.D. Cal. Sept. 8, 1986)
6  (allegations about Doe defendants' conduct as "agents and employees" of the named defendant and that
7  they were of same citizenship as the plaintiff provided a reasonable indication that complete diversity
8  did not exist). Accordingly, the Court disregards the Doe Defendants, which means the Court is vested
9  with diversity jurisdiction over this case.

**C. Defendant's Motion to Strike the FAC.**

11      Defendant moves to strike the FAC as impermissibly filed under Fed. R. Civ. P. 15(a). "The
12  longstanding principle is that after removal, the federal court takes the case up where the State court left
13  it off." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (citation and
14  quotation marks omitted). The Court therefore must assume everything that occurred in the parties' case
15  in state court occurred in this Court. *See id.* Because Plaintiff amended her complaint in state court, any
16  further amendment must be with Defendant's consent or the court's leave. Fed. R. Civ. P. 15(a)(2).
17  Accordingly, Plaintiff may file the FAC only with the Court's leave because Defendant does not consent
18  to any further amendment.

19      Plaintiff's already-filed FAC is a nullity without any legal effect because it was filed in violation
20  of Fed. R. Civ. P. 15(a)(2). *See* No. 1:09-cv-929 AWI DLB, *Johnson v. Washington Mutual*, 2009 WL
21  2997661, at *1 (E.D. Cal. Sept. 16, 2009) (collecting cases). The Court therefore GRANTS Defendant's
22  motion to strike the FAC.

23      Nonetheless, the Court will construe Plaintiff's opposition to Defendant's motion to strike as a
24  request for leave to amend the complaint under 28 U.S.C. § 1447€ ("§ 1447€"). *See* Doc. 22. That
25  statute provides in full:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Although the Ninth Circuit has described a district court's decision to permit or deny amendment under § 1447€ as "discretionary," *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 948 (9th Cir. 2004), the court has not provided guidance as to what district courts should consider when deciding a § 1447€ motion to amend. Numerous district courts, however, have considered the following "*Palestini*" factors:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-1140-ODW-AGR, 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.d. 654, 658 (C.D. Cal. 2000)).

*Calderon* is directly on point; its facts are substantially similar to the facts of this case in every material respect. In that case, as in this one, the plaintiff filed a slip-and-fall complaint against Lowe's and unnamed Doe defendants in California state court for the injuries she sustained at one of Defendant's stores in Hawthorne, California. *See id.* at *1. Lowe's removed the case to federal court, asserting diversity jurisdiction. *Id.* The next day—approximately seven months after plaintiff had filed her complaint—the plaintiff amended the complaint to substitute a Doe defendant with the manager of the Hawthorne store, then moved to remand the case to state court for lack of diversity jurisdiction. *Id.*

The court observed that the time within which the plaintiff was permitted to amend her complaint under Fed. R. Civ. P. 15(a)(1) had "long past." *Id.* at *3. The plaintiff, however, requested to join the Lowe's manager as a defendant under § 1447€. *Id.* Applying the *Palestini* factors, the court denied the request, finding that none of the factors weighed in the plaintiff's favor. *See id.* at *4-6.

As to the first *Palestini* factor, whether the Lowe's manager should be joined as a necessary party, the court concluded that he was not a necessary party because his absence from the case would

"not prevent complete relief from being accorded between Plaintiff and Defendant Lowe's because any alleged liability for [his] actions as an employee are imputed to his employer under the doctrine of *respondeat superior*." *Id.* at *3. So, too, for the Doe Defendants, as they are alleged to be responsible for Plaintiff's injuries as Defendant's "agents and employees." The first *Palestini* factor therefore weighs against permitting amendment. *See id.*

Under California Code of Civil Procedure § 335.1, Plaintiff has two years from the time of her injury (July 2014) to file an original action in state court against the Doe Defendants. Because Plaintiff has approximately eight months from now to do so, the second *Palestini* factor weighs against permitting amendment.

The third *Palestini* factor, whether there has been some unexplained delay in joinder, also weighs against permitting Plaintiff's requested joinder. Plaintiff filed her complaint in February 2015, yet did not identify the Doe Defendants until she filed the FAC on September 28, 2015, over 200 days later and one month after Defendant removed the case to this Court. As in *Calderon*, "Defendant Lowe's correctly points out that Plaintiff could have propounded discovery ten days after service of the initial [c]omplaint, or conducted further discovery prior to the removal of this action to identify any additional defendants." *Id.*; Doc. 20 at 4. Although Plaintiff apparently obtained discovery about the Doe Defendants' identity from Defendant on August 5, 2015, *see* doc. 23-1 at 3, Plaintiff does not explain why it took her almost two months to amend her complaint to identify the Doe Defendants. *See* Doc. 23 at 2. The third *Palestini* therefore weighs heavily against permitting amendment. *See Calderon*, 2015 WL 3889289, at *5.

With regard to the fourth *Palestini* factor, "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). The Court therefore "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the

state court." *Id.*

Plaintiff ascertained the identity of the Doe Defendants on August 8, 2015, Defendant removed the case to this Court on August 28, 2015, and Plaintiff filed the FAC in this Court approximately one month later. The procedural history of this case calls into question whether Plaintiff's motive for amending the complaint is genuine. *See Calderon*, 2015 WL 3889289, at *6; *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. Feb. 25, 1999) (finding amendment two days after removal suggests the amendment "was caused by the removal rather than the evolution of [the] case"). Accordingly, the fourth *Palestini* factor weighs against permitting amendment.

As the court in *Calderon* found, the Court also finds that Plaintiff will not be prejudiced if the Court does not permit joinder of the Doe Defendants. *See Calderon*, 2015 WL 3889289, at *6. Plaintiff can receive an adequate final judgment without the Doe Defendants as parties "because Defendant Lowe's would ultimately provide complete recovery under the doctrine of *respondeat superior*." Accordingly, the sixth and final *Palestini* factor weighs against permitting amendment.

The Court therefore will not allow Plaintiff to file the FAC. *See* Fed. R. Civ. P. 15(a)(2). As such, the Court remains vested with diversity jurisdiction over this case. For that reason, the Court DENIES Plaintiff's motion to remand.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court;

1. GRANTS Defendant's motion to strike (Doc. 12);

2. STRIKES the FAC (Doc. 10) from the record; and

3. DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

    Dated: **November 13, 2015**        /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE